Theresa **FAIR**

v.

**CITY OF GALVESTON.**

**Civil Action No. G–95–223.**

United States District Court, S.D. Texas, Galveston Division.

Feb. 16, 1996.

Robert E. Pendleton, III, La Porte, TX, Kenneth A. Stewart, La Porte, TX, for plaintiff.

John Edward Eckel, Mills Shirley et al., Galveston, TX, for defendant.

## *ORDER*

KENT, District Judge.

Now before the Court are Defendant's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment. Defendant's Motion is **GRANTED**. Plaintiff's Motion is **DENIED**.

### I. Background

Plaintiff, Theresa Fair, asserts a variety of causes of action under 42 U.S.C.A. § 1983 (West 1994) in her own capacity and as next friend of her son, Lawrence Fair, Jr. The Complaint primarily avers violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution based on the arrest, detention, fining, and imprisonment of Plaintiff and her son under allegedly void sections of the Galveston City Code of 1982, particularly sections 9–26, 9–27, 24–7, and 24–9.[1] In addition, the

---

1. Section 24–9 has recently been repealed. No arrests or prosecutions under section 24–9 have occurred since its repeal. *See* Roberts Aff. ¶ 2.

Complaint avers that Defendant selectively enforced these ordinances on the basis of age, race, and wealth in violation of the Fourth and Fourteenth Amendments to the United States Constitution. The remedies sought include a declaratory judgment, a preliminary and permanent injunction, and monetary damages.

## II. Standard of Review

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Issues of material fact are genuine only if they require resolution by a trier of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In other words, the Court must accept the evidence of the nonmoving party and draw all justifiable inferences in favor of that party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2514.

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *see also* Fed.R.Civ.P. 56(c). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita*, 475 U.S. at 585–87, 106 S.Ct. at 1355–56; *Wise v. E.I. DuPont De Nemours & Co.*, 58 F.3d 193, 195 (5th Cir.1995). To meet this burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 586–87, 106 S.Ct. at 1356 (quoting Fed.R.Civ.P. 56(e)). The nonmovant must produce evidence to supplement the pleadings on the issues for which that party bears the burden of proof at trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Summary judgment should be granted only if the evidence indicates that a reasonable fact-finder could not find in favor of the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *see also Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

## III. Analysis

Section 1983 provides, in pertinent part: "Every person who, under color of any … ordinance … of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any right, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C.A. § 1983. Plaintiff avers two species of constitutional violations.[2] First, she complains that any government arrest, detention, fining, or conviction under sections 9–26, 9–27, 24–7, or 24–9 is unconstitutional because each of these sections is void.[3] Second, Plaintiff claims that Defendant has enforced and continues to enforce these sections selectively on the basis of age and race.

### A. Validity of Sections 9–26, 9–27, 24–7, and 24–9

Defendant argues that Plaintiff's first set of claims must fail because, contrary to Plain-

---

2. To the extent Plaintiff seeks damages for unconstitutional convictions under these sections, this Court's grant of summary judgment in favor of Defendant is also based upon Plaintiff's failure to produce evidence that "the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, ⸺ U.S. ⸺, ⸺, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Littles v. Board of Pardons*

*& Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (quoting *Heck*).

3. Plaintiff does not contend in the alternative that any particular application of sections 9–26, 9–27, 24–7, or 24–9 was invalid, except insofar as she alleges selective enforcement of these sections on constitutionally impermissible grounds. The Court accordingly must determine whether these sections are facially valid, as opposed to determining their validity in the context of any particular governmental action taken against Plaintiff or her son.

tiff's position, sections 9–26, 9–27, 24–7, and 24–9 are not facially unconstitutional. The Court agrees.

### 1. Section 9–26

Section 9–26 provides in pertinent part: "No person who resides within this city shall ride or propel a bicycle on any street or upon any public path set aside for the exclusive use of bicycles unless such bicycle has been licensed and a license plate is attached thereto." Galveston Code § 9–26(a). Plaintiff argues that, because an ordinary person would not know that a bicycle cannot be ridden without obtaining a license and attaching a license plate, section 9–26 is facially invalid under *Lambert v. California,* 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957). *See id.* at 229–30, 78 S.Ct. at 243–44 (holding a city ordinance invalid as violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution). The reasoning of *Lambert,* however, does not support Plaintiff's position.

■ The constitutional doctrine of notice emerging from *Lambert* and its progeny lacks precise boundaries and established methods for application. *See, e.g., United States v. Anderson,* 853 F.2d 313, 318 (5th Cir.1988) (stating that "*Lambert* raises more questions than it answers"). Three requirements for invoking the *Lambert* doctrine, though, appear to have been recognized. First, the law at issue must attach penalties to purely passive conduct. *Lambert,* 355 U.S. at 228, 78 S.Ct. at 243 (addressing a requirement that persons previously convicted of felonies register with the city); *see also Powell v. Texas,* 392 U.S. 514, 535 n. 27, 88 S.Ct. 2145, 2155 n. 27, 20 L.Ed.2d 1254 (1968) (restating the holding of *Lambert* ); *United States v. Layne,* 43 F.3d 127, 133 (5th Cir.) (stating that *Lambert* applies only if "wholly passive conduct" is involved), *cert. denied,* —— U.S. ——, 115 S.Ct. 1722, 131 L.Ed.2d 580 (1995). Second, the party challenging the application of the law must not have had knowledge of the law's existence during the relevant time period. *Lambert,* 355 U.S. at 229–30, 78 S.Ct. at 244; *see also Powell,* 392 U.S. at 535 n. 27, 88 S.Ct. at 2155 n. 27 (stating that *Lambert* applies only if the person challenging an application of the law

does not have actual notice of it). Third, there must not be proof of a probability that the complaining party had knowledge of the law in question. *Lambert,* 355 U.S. at 229–30, 78 S.Ct. at 244; *see also United States v. Freed,* 401 U.S. 601, 608, 91 S.Ct. 1112, 1118, 28 L.Ed.2d 356 (1971) (characterizing *Lambert* as applying only if there is proof of probability that the complaining party had notice of the law); *Powell,* 392 U.S. at 535 n. 27, 88 S.Ct. at 2155 n. 27 (stating that *Lambert* applies only if the state has not undertaken reasonable measures to inform the party challenging a law's application to its existence); *United States v. Betancourt,* 427 F.2d 851, 855 n. 1 (5th Cir.1970) (stating that the disposition reached in *Lambert* depended upon the lack of evidence that the defendant had knowledge of the statute in question).

■ In the case at bar, Plaintiff's most obvious shortcoming is her attempt to make a facial challenge to an ordinance under a doctrine designed to protect against individual applications of criminal laws. *LeFlore v. Robinson,* 434 F.2d 933, 949 (5th Cir.1970) (stating that *Lambert* does not permit facial challenges to state laws based on lack of notice), *vacated on other grounds,* 446 F.2d 715 (5th Cir.1971); *see also Breath v. Cronvich,* 729 F.2d 1006, 1012 n. 5 (5th Cir.) (stating that "*Lambert* 's application … has been limited to criminal cases"), *cert. denied,* 469 U.S. 934, 105 S.Ct. 332, 83 L.Ed.2d 268 (1984). In addition, none of the requirements for invoking the *Lambert* doctrine have been shown to exist. First, a person cannot be subjected to criminal penalties under section 9–26 unless the person "ride[s] or propel[s] a bicycle," which is an activity that plainly involves more than wholly passive conduct. *See* Galveston Code § 9–26(a). Second, the Complaint does not aver that Plaintiff or her son were unaware of the conditional duty to obtain a license for bicycles under section 9–26. Third, Defendant has produced uncontested evidence of the "readily visible" nature of the bicycle decals used to prove proper licensing and registration, which suggests that a reasonable person appearing in a location requiring use of the decals would be alerted to their necessity. *See* Beasley Aff. ¶ 8 (stating that he has

personally observed the bicycle decals and that they can be spotted easily from a distance). Plaintiff's challenge to the facial validity of section 9–26, therefore, must fail.

## 2. Section 9–27

Section 9–27 provides in pertinent part: "No bicycle shall be operated upon any portion of public right-of-way (including streets, alleys and sidewalks) unless such bicycle has first been duly registered with the police department." Galveston Code § 9–27(a). Plaintiff argues that this provision is invalid for a multitude of reasons. Finding none of the asserted reasons persuasive, the Court must reject Plaintiff's position in this regard.

■ First, Plaintiff contends that section 9–27 is facially invalid under *Lambert v. California,* 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957). Plaintiff offers no additional arguments in the context of section 9–27 beyond those made in connection with her *Lambert* challenge to section 9–26, and identical circumstances appear to be present in the context of section 9–27. The Court accordingly finds that Plaintiff's argument of facial invalidity of section 9–27 under *Lambert* lacks merit for the same reasons stated in the discussion of section 9–26 above. *See supra* part III.A.1.

■ Second, Plaintiff argues that section 9–27 is preempted because the comprehensive nature of Chapter 551 of the Texas Transportation Code occupies the field of regulation of bicycles on Texas roads. *See* Tex.Trans.Code Ann. §§ 551.001–.105 (Vernon 1996). Preemption of this sort occurs only if the intent to preempt appears with "unmistakable clarity" and an actual conflict exists between the ordinance and a preemptive state law. *E.g., Dallas Merchant's and Concessionaire's Ass'n v. City of Dallas,* 852 S.W.2d 489, 490–91 (Tex.1993). Neither situation is present with respect to the registra-

tion of bicycles under section 9–27. *Compare* Tex.Trans.Code Ann. §§ 551.001–.105 (regulating bicycle and motor vehicle safety and not containing a preemption provision) *and* Galveston Code § 9–27 (requiring the registration of bicycles). The Court accordingly concludes that Chapter 551 of the Texas Transportation Code does not occupy the field of bicycle regulation and, therefore, does not preempt section 9–27 as argued by Plaintiff.

■ Finally, Plaintiff advances three additional arguments that section 9–27 is facially invalid under the substantive component of the Due Process Clause of the Fourteenth Amendment.[4] Plaintiff, however, fails to state which fundamental right she believes is implicated by section 9–27 and also fails to cite any authority whatsoever in support of her position that some form of heightened scrutiny is appropriate. Upon consideration of the recognized categories of fundamental rights, *see* John E. Nowak et al, Constitutional Law § 11.7, at 370–71 (3d ed. 1986) (grouping all pertinent decisions of the United States Supreme Court into six categories of fundamental rights), the Court finds it apparent that none are implicated by section 9–27. To be sure, the alleged restrictions on liberty are not of the sort that would justify the creation of a category of fundamental rights. *See, e.g., Moore v. East Cleveland,* 431 U.S. 494, 503, 97 S.Ct. 1932, 1937, 52 L.Ed.2d 531 (1977) (plurality opinion) (describing fundamental liberties as those that are "deeply rooted in this Nation's history and tradition"); *Palko v. Connecticut,* 302 U.S. 319, 325–26, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937) (stating that fundamental liberties include those "implicit in the concept of ordered liberty" such that "neither liberty nor justice would exist" without them); *Snyder v. Massachusetts,* 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934) (stating that funda-

---

4. Read against the backdrop of the Complaint, the last of these arguments, which states that liberty is infringed because enforcement of the ordinance "can and does interfere with intrastate and interstate commerce," cannot fairly be read as attacking the validity of section 9–27 under the Commerce Clause of the United States Constitution. Furthermore, the Court notes that it would appear disingenuous to argue that regis-

tration of bicycles operated in certain specified areas in Galveston infringes on the right to interstate travel, especially given Galveston's geographical location within the State of Texas. Accordingly, the Court interprets this argument, in addition to the other two arguments considered in this portion of this Order, as being grounded in the Due Process Clause of the Fourteenth Amendment.

mental rights are those "so rooted in the traditions and conscience of our people as to be ranked fundamental"); *see also Bowers v. Hardwick,* 478 U.S. 186, 191–92, 106 S.Ct. 2841, 2844, 92 L.Ed.2d 140 (1986) (citing approvingly the above-quoted definitions of fundamental liberties found in *Moore* and *Palko* ). The Court is accordingly required, by its finding that section 9–27 does not implicate a fundamental right, to conclude that the ordinance is valid under the Due Process Clause of the Fourteenth Amendment so long as it is rationally related to a legitimate governmental objective. *Brennan v. Stewart,* 834 F.2d 1248, 1255–56 (5th Cir. 1988); *see also City of Dallas v. Stanglin,* 490 U.S. 19, 23, 109 S.Ct. 1591, 1594, 104 L.Ed.2d 18 (1989); Nowak, *supra,* § 11.4, at 357, 358. The record demonstrates that section 24–6 meets these criteria. *See* Singleton Aff. ¶¶ 4, 5. Consequently, the Court finds that, collectively considered, Plaintiff's final three arguments as to the validity of section 9–27 lack merit.

### 3. Section 24–7

■ Section 24–7 provides: "It shall be unlawful for any person to obstruct, prevent or interfere with, or to attempt to obstruct, prevent or interfere with any peace officer in the lawful discharge of his duty." Galveston Code § 24–7. Plaintiff contends that this section's overbreadth renders it facially invalid under the First Amendment guarantee of speech. The Court respectfully disagrees.

■ The purpose underlying the overbreadth doctrine is to prevent vastly sweeping laws from repeatedly chilling the exercise of free expression. *New York v. Ferber,* 458 U.S. 747, 772, 102 S.Ct. 3348, 3363, 73 L.Ed.2d 1113 (1982). The party challenging the ordinance as overbroad has the burden "to demonstrate a realistic danger that the ordinance will significantly compromise First Amendment protection of individuals not before the Court." *United States v. Hicks,* 980 F.2d 963, 970 n. 5 (5th Cir.1992) (quoting *City Council of Los Angeles v. Vincent,* 466 U.S. 789, 802, 104 S.Ct. 2118, 2127, 80 L.Ed.2d 772 (1984)), *cert. denied,* 507 U.S. 998, 113 S.Ct. 1618, 123 L.Ed.2d 178 (1993), *and cert. denied,* —— U.S. ——, 113 S.Ct.

2417, 124 L.Ed.2d 640 (1993). The challenge will not succeed unless the law's overbreadth is shown to be substantial in relation to its legitimate sweep. *Ferber,* 458 U.S. at 772, 102 S.Ct. at 3363; *Broadrick v. Oklahoma,* 413 U.S. 601, 615, 93 S.Ct. 2908, 2917, 37 L.Ed.2d 830 (1973). The United States Supreme Court, warning against readily invoking the overbreadth doctrine, has described it as "strong medicine" which should be utilized "only as a last resort." *E.g., Broadrick,* 413 U.S. at 613, 93 S.Ct. at 2916.

In the case at bar, Plaintiff has not produced evidence of a single incident in which constitutionally protected speech actually gave rise to an arrest, conviction, or other government action under section 24–7 and has not otherwise demonstrated the section's potential to chill First Amendment freedoms. Plaintiff exclusively attempts to carry her burden by arguing that section 24–7 is, for all relevant purposes, analogous to another ordinance held to be overbroad in *City of Houston v. Hill,* 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987). The Court, however, finds significant differences between section 24–7 and the ordinance considered in *Hill.*

The United States Supreme Court based its finding of overbreadth in *Hill* on a provision which prohibited speech that "in any manner ... interrupt[s]" a police officer in the execution of his duty. *Id.* at 462, 107 S.Ct. at 2510. Section 24–7, on the other hand, prohibits a person from "interfer[ing]" with a police officer lawfully executing his duty. By using the term "interfere," section 24–7 facially pertains to acts which pose an actual hindrance to the accomplishment of a specified task, as opposed to the ordinance considered in *Hill,* which pertained primarily to verbal acts through use of the term "interrupt." The finding of overbreadth in *Hill,* therefore, does not compel the conclusion that section 24–7 is overbroad. *Id.* at 466–67, 107 S.Ct. at 2512 (concluding that the ordinance is "susceptible of regular application to protected expression"). Nor is it otherwise apparent that section 24–7 by its very nature chills free speech. *See id.* (stating that the ability to conceive on an unconstitutional application of a law does not, by itself, render it overbroad); *Vincent,* 466

U.S. at 800, 104 S.Ct. at 2126 (same); *see also Hicks*, 980 F.2d at 970 n. 5 (stating that Plaintiff must show that the danger of chilling free expression is "realistic"). Consequently, the Court finds that Plaintiff has not carried her burden of demonstrating the invalidity of section 24–7.

### 4. Section 24–9

 Prior to its repeal, section 24–9 provided: "It shall be unlawful for a person to enter or remain upon the premises of another without the effective consent of the owner or occupier of the said premises." Galveston Code § 24–9. Plaintiff argues that this ordinance, from its inception, was expressly preempted by sections 1.08 and 30.05 of the Texas Penal Code. The Court disagrees.

 The party attacking an ordinance bears the burden of demonstrating its invalidity. *Gordon v. Texas*, 757 S.W.2d 496, 502 (Tex.Ct.App.1988) (noting the presumption that an ordinance is valid). Section 1.08, which is the sole basis for preemption advanced by Plaintiff, prohibits the enactment or enforcement of an ordinance which "makes any conduct covered by th[e] [Penal Code] an offense subject to a criminal penalty." Tex.Penal Code Ann. § 1.08 (Vernon 1994). Under this section, only ordinances which conflict with state law are void. *City of Richardson v. Responsible Dog Owners of Tex.*, 794 S.W.2d 17, 19 (Tex.1990) (noting that section 1.08 only supersedes ordinances which would have been void under the preemption doctrine as it existed previously); *see also Gordon*, 757 S.W.2d at 502 (stating that the legislative intention to preempt an ordinance "must 'appear with unmistakable clarity'" (quoting *City of Sweetwater v. Ger-*

on, 380 S.W.2d 550, 552 (Tex.1964))). The mere existence of a state law regulating the same subject matter as an ordinance does not render the ordinance void, even if the state law and ordinance partially overlap. *Responsible Dog Owners*, 794 S.W.2d at 19. *But see id.* at 17 (stating that an ordinance governing an activity which is wholly proscribed under the Texas Penal Code is preempted under section 1.08). If any reasonable construction leaving both the state law and the ordinance can be reached, preemption does not occur. *Dallas Merchant's and Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 491 (Tex.1993).

A comparison between section 24–9 of the Galveston Code and section 30.05 of the Texas Penal Code reveals that a substantially greater amount of conduct was criminalized under section 24–9. By its plain terms, section 30.05 does not apply to a person who "enters or remains on property or in a building of another without effective consent" unless that person "had notice that the entry was forbidden [or] received notice to depart but failed to do so." Tex.Penal Code Ann. § 30.05(a) (Vernon 1994); *Johnson v. Texas*, 665 S.W.2d 554, 555 (Tex.Ct.App.1984) (stating the elements of criminal trespass of property as including "notice that entry was forbidden or received notice to depart but fail[ure] to do so"). Section 24–9 did not contain a similar requirement of notice.[5] *See* Galveston Code § 24–9. The Court accordingly finds that section 24–9 was not preempted by section 30.05 of the Texas Penal Code, because the ordinance had a significantly broader reach.[6] Consequently, Plaintiff has not carried her burden of demonstrating the invalidity of section 24–9.

---

5. Plaintiff argues that section 6.02 of the Texas Penal Code requires notice to be read into section 24–9. Section 6.02 speaks to situations in which culpability implicitly constitutes an element of an offense, requiring one of the specified mental states to accompany the "conduct as the definition of the offense requires." Tex.Penal Code Ann. § 6.02 (Vernon 1994). Assuming, arguendo, that section 6.02 did impose a culpability requirement under section 24–9, it merely required that a person "intentionally, knowingly, recklessly, or with criminal negligence" entered or remained upon another's property. Tex.Penal Code Ann. § 6.02; *see also* Galveston Code § 24–9. In other words, the mental state pertained

specifically to the person's choice to enter or remain on the property. Such a culpability requirement is not equivalent to a requirement of notice that entry or remainder on the property is forbidden, as contemplated by section 30.05. *See* Tex.Penal Code § 30.05.

6. The significant difference between the respective reaches of section 24–7 and section 30.5 also defeats Plaintiff's alternative argument on this point that section 24–9 is preempted because it provides for differing penalties for what is substantially the same offense as one recognized by state law.

#### 5. Conclusion

Sections 9–26, 9–27, 24–7, and 24–9 of the Galveston Code are not invalid for any of the reasons advanced by Plaintiff. Plaintiff, therefore, cannot successfully maintain her action insofar as it is based on claims that these ordinances are invalid. Consequently, Defendant's Motion is **GRANTED,** and Plaintiff's Motion is **DENIED,** to the extent that Plaintiff seeks relief for governmental action taken pursuant to invalid ordinances.

#### B. *Selective Enforcement of Sections 9–26, 9–27, 24–7, and 24–9*

■■■ Defendant argues that summary judgment should also be granted on all claims asserting selective enforcement of sections 9–26, 9–27, 24–7, and 24–9 on the basis of age, race, and wealth in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff, to succeed on these claims, must show "the exercise of some selectivity in enforcement" which is "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *E.g., Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962); *see also United States v. Batchelder,* 442 U.S. 114, 125 & n. 9, 99 S.Ct. 2198, 2205 & n. 9, 60 L.Ed.2d 755 (1979). Plaintiff has not, however, produced evidence which would enable a reasonable trier of fact to conclude that selective enforcement of the ordinances in question has occurred or will occur. Plaintiff attempts to make such a showing by submitting evidence of numerous citations against herself and her two sons under the ordinances in question, but this evidence is completely devoid of probative value without additional evidence of the frequency with which others similarly situated are targeted. Consequently, Plaintiff has failed to meet her burden of demonstrating a genuine issue of fact regarding impermissible selectivity of enforcement of sections 9–26, 9–27, 24–7, or 24–9. The Court must accordingly **GRANT** Defendant's Motion, and **DENY** Plaintiff's Motion, on Plaintiff's claims of selective enforcement of the ordinances.

### VI. Conclusion

Section 1983 serves the manifestly important purpose of remedying governmental abuses of power which strike at the most sacred of our freedoms and privileges. It does not, however, license the judiciary to redirect or improperly influence the lawful activities of those upstanding persons who faithfully serve the executive branch of our government. This Court, having found no genuine issue of material fact pertaining to Plaintiff's section 1983 claims, must not now intrude upon the internal affairs of the Galveston Police Department by further subjecting it to this patently unmeritorious action.

For the reasons stated above, Defendant's Motion for Summary Judgment is **GRANTED.** Plaintiff's Motion for Partial Summary Judgment is **DENIED.** Each and all of Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file nothing further on these issues in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**

#### *FINAL JUDGMENT*

For the reasons set forth in the Order issued by the Court this date, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Partial Summary Judgment is **DENIED.** Each and all of Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.**

The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date.

**THIS IS A FINAL JUDGMENT.**

**IT IS SO ORDERED.**