**STATE of Missouri, Respondent,**

v.

**Richard WINKELMANN, Appellant.**

No. 55689.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 15, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 6, 1989.

———

Charles Clifford Schwartz, Jr., Clayton, for appellant.

Carrie Costantin, Asst. Pros. Atty., Clayton, for respondent.

GARY M. GAERTNER, Judge.

Defendant/appellant, Richard Winkelmann, appeals his conviction of resisting arrest, a class A misdemeanor under RSMo § 575.150 (1986). Appellant relies on two points on appeal. First appellant asserts that insufficient evidence was presented at trial to establish a valid basis to arrest for which defendant was convicted of resisting. Second, appellant asserts that the trial court failed to obtain jurisdiction due to a faulty information. We find appellant's contentions without merit and affirm the conviction in all respects.

The record reveals that on November 9, 1987, St. Louis County police officers, Cherry and Ziegler, observed defendant's car proceeding north on S. Broadway at 49 m.p.h. in a 30 m.p.h. zone. Officer Cherry activated her red lights and pursued defendant. The defendant's vehicle did not stop but continued into the City of St. Louis where he eventually pulled over. The defendant immediately exited his vehicle, approached the police car and began shouting at the officers. Defendant refused to return to his vehicle, but complied upon request to produce his operator's license. Officer Ziegler then ran defendant's name for a record check and learned that there was an active warrant for defendant's arrest in the City of St. Louis. The defendant was then informed by Officer Ziegler that he was going to be taken into custody and he responded "No I don't think you're going to get it done." Defendant then pushed past the officers, got in his car, and with both officers holding on to the two open doors, drove forward. The officers returned to their police car and pursued defendant with lights and siren activated, for four to five miles before losing defendant. Although it does not appear in the record, apparently defendant was later apprehended.

Defendant was charged with the Class A misdemeanor of resisting arrest and for exceeding the speed limit. On October 4, 1988, defendant was tried without a jury. Counsel for the defense made an oral motion for acquittal which the trial court de-

nied. Defendant was then found guilty on the charge of resisting arrest. Subsequently, on October 27, 1988, the trial court sentenced defendant to serve ten days imprisonment.

In defendant's first point he argues that no evidence was presented to establish the speeding ordinance for which defendant was attempted to be arrested. Thus, appellant argues that no valid basis existed to arrest and therefore defendant's conviction of resisting arrest is in error.

The Missouri statute defining resisting or interfering with arrest states in pertinent part:

1. A person commits the crime of resisting or interfering with arrest if, knowing that a law enforcement officer is making an arrest, for the purpose of preventing the officer from effecting the arrest, he:

(1) Resists the arrest of himself by using or threatening the use of violence or physical force *or by fleeing from such officer;* or

. . . .

2. This section applies to arrests with or without warrants and to arrests for any crime *or ordinance violation.*

3. *It is no defense to a prosecution under subsection 1 of this section that the law enforcement officer was acting unlawfully in making the arrest. . . .*

4. Resisting, by means other than flight, or interfering with an arrest for a felony is a class D felony; *otherwise, resisting or interfering with arrest is a class A misdemeanor.*

RSMo § 575.150 (1986) (emphasis added).

 Assuming arguendo that the arrest was unlawful, § 575.150.3 makes it clear that there is no right to resist even an unlawful arrest by a known law enforcement officer. *State v. Thomas,* 625 S.W.2d 115, 121–22 (Mo.1981). Resisting arrest is unlawful regardless of the unlawfulness of the arrest. *City of Independence v. Elder,* 653 S.W.2d 393, 396 (Mo.App., W.D.1983).

Appellant contends that *State v. Furne,* 642 S.W.2d 614 (Mo. banc 1982) is controlling precedent on this point. This reliance is misplaced. In *Furne* defendant was convicted of the class D felony of resisting arrest punishable under RSMO § 575.150 (1988). The conviction was reversed because the underlying offense was not a felony. The court stated, "[t]he statutory language makes it plain that resisting arrest is a felony only if the underlying offense is a felony and the resistance is accomplished by means other than flight." *Id.* at 616.

In the case at hand, there was never a question that driving in excess of the speed limit was not a felony nor was there ever an allegation that defendant resisted by means other than flight. Evidence was introduced by the State, through one of the officers present at the scene, that defendant exceeded the speed limit. Furthermore, the complaint charging defendant clearly alleged the class A misdemeanor of resisting arrest, not felony resistance. We find no inconsistency or misapplication of the law and therefore affirm in this regard.

In his second point on appeal, appellant contends that the trial court failed to obtain jurisdiction due to a faulty information. More specifically, appellant argues that the information was defective because it failed to describe or plead a proper crime. Appellant concludes that the subsequent proceedings and trial were a nullity. We find no deficiency in this regard. Appellant's argument supporting his second point is without merit.

We affirm the circuit court's ruling in all respects.

GRIMM, P.J., and KAROHL, J., concur.