# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————————

Nos. 97-2819/2820/3319/3322

———————————

Gary Lefkowitz,　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　　　Appellant,　　　　*
　　　　　　　　　　　　　　　　　　*　Appeals from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　District of Minnesota.
Citi-Equity Group, Inc.,　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　　　Appellee.　　　　*

———————

Submitted:  June 4, 1998

Filed:   June 23, 1998

———————

Before BOWMAN, Chief Judge, WOLLMAN, and MORRIS SHEPPARD
　　　ARNOLD, Circuit Judges.

———————

MORRIS SHEPPARD ARNOLD, Circuit Judge.

　　Gary Lefkowitz, a federal inmate, appeals from two district court[1] orders affirming orders of the bankruptcy court[2] and two identical district court orders

———————————————

　　[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

　　[2]The Honorable Dennis D. O'Brien, Chief Judge, United States Bankruptcy Court for the District of Minnesota.

imposing filing fee requirements pursuant to 28 U.S.C. § 1915(a)(2) and (b)(1) as enacted by the Prison Litigation Reform Act (PLRA). We affirm.

Mr. Lefkowitz was president of Citi-Equity Group, Inc. (CEG), a California corporation that formed real estate limited partnerships to build low- and moderate-income housing. Mr. Lefkowitz and CEG were general partners of these limited partnerships. In 1994, Mr. Lefkowitz was charged in a 47-count indictment with engaging in a continuing financial crimes enterprise and with various counts of fraud. Three creditors then filed an involuntary bankruptcy petition against CEG under 11 U.S.C. § 303. Mr. Lefkowitz was convicted, and this court affirmed all but two counts. See United States v. Lefkowitz, 125 F.3d 608 (8th Cir. 1997), cert. denied, 118 S. Ct. 1527 (1998). Under the bankruptcy reorganization plan, KEG Equity Group (KEG) agreed to purchase CEG's general partnership interests in 70 limited partnerships, conditioned on Mr. Lefkowitz's removal as general partner of those partnerships. CEG subsequently filed an adversary proceeding against KEG and Mr. Lefkowitz in the bankruptcy court seeking a declaration that Mr. Lefkowitz had been effectively removed as general partner.[3] Mr. Lefkowitz filed, inter alia, a counterclaim against CEG, claiming that CEG breached a fiduciary duty owed to him, and that an accounting was necessary. In a subsequent pleading, Mr. Lefkowitz argued that the bankruptcy judge should recuse himself from the case.

The bankruptcy court granted CEG summary judgment on Mr. Lefkowitz's fiduciary duty and accounting claims, concluding that Mr. Lefkowitz had failed to produce any evidence showing a breach of a fiduciary duty or any resulting damages. The bankruptcy court further held that, because CEG had represented in discovery that

---

[3]The bankruptcy court granted CEG partial summary judgment in the declaratory judgment action, holding that Mr. Lefkowitz had been effectively removed as general partner. The district court affirmed the bankruptcy court's order. Mr. Lefkowitz did not appeal this order.

it no longer had the requested records to enable it to produce an accounting, no further relief for an accounting could be granted. The bankruptcy court also denied Mr. Lefkowitz's motion for recusal. Mr. Lefkowitz appealed these orders to the district court, which affirmed, concluding that a court-ordered accounting was not required because Mr. Lefkowitz had access to records through the discovery process, and that Mr. Lefkowitz had failed to sustain his burden of proving that CEG breached a fiduciary duty. The district court also concluded that the bankruptcy court did not abuse its discretion in denying the recusal motion.

Mr. Lefkowitz filed two notices of appeal and applied to proceed in forma pauperis (IFP). After the district court denied Mr. Lefkowitz IFP status because he failed to submit a certified copy of his trust account statement under 28 U.S.C. § 1915(a)(2), Mr. Lefkowitz challenged the imposition of the PLRA's prisoner filing fee requirements, arguing that such requirements applied only to civil rights cases filed by prisoners challenging their conditions of confinement, and alternatively, that the filing fee requirements violated his equal protection rights and his rights of access to the courts. The district court rejected these arguments, and ordered Mr. Lefkowitz to pay an initial partial filing fee in each of his two appeals. Mr. Lefkowitz has appealed those orders.

**Bankruptcy Issues**. As to the fiduciary duty claim, we reject Mr. Lefkowitz's argument that CEG bore the burden to show an absence of material facts. Because Mr. Lefkowitz bears the burden of proof at trial, he had to designate "specific facts showing that there is a genuine issue for trial." See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) CEG need not support its summary judgment motion with affidavits negating Mr. Lefkowitz's claim. See id. at 323. Because Mr. Lefkowitz's response to the summary judgment motion contained mere conclusory statements, we conclude that summary judgment was properly granted to CEG. See Armour & Co. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993) (conclusory affidavits insufficient basis to deny summary judgment). We also agree that because Mr. Lefkowitz had alternative

discovery avenues available to procure the information he needed, the denial of an accounting was not error. See Bradshaw v. Thompson, 454 F.2d 75, 79 (6th Cir.) (accounting is extraordinary remedy available only when legal remedy inadequate), cert. denied, 409 U.S. 878 (1972).

We also conclude the motion for recusal was properly denied, as Mr. Lefkowitz asserted nothing more than that the bankruptcy court had previously ruled against him. See Liteky v. United States, 510 U.S. 540, 549, 555 (1994) (adverse rulings alone not grounds for bias or partiality motion).

**PLRA Issues.**  As amended by the PLRA, 28 U.S.C. § 1915(a)(2) provides that "[a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement."  Section 1915(b)(1) further provides that a prisoner who brings "a civil action or files an appeal" IFP is required to pay the full amount of the filing fee, and that the court is to assess and, when funds exist, collect an initial partial filing fee.  Congress did not define "civil action" in the statute.  While several courts have noted that Congress promulgated the PLRA to curtail abusive prisoner litigation, see, e.g., Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996), we conclude that, under the plain language of the statute, the phrase "civil action or appeal" is not limited to challenges to conditions of confinement, and encompasses the instant commercial litigation.

With respect to Mr. Lefkowitz's constitutional challenges to the PLRA's prisoner filing fee requirements, we agree with our fellow circuits that these fee provisions do not deny prisoners constitutionally guaranteed access to courts.  See, e.g., Tucker v. Branker, No. 96-5177, 1998 WL 232792, at **3-5 (D.C. Cir. May 12, 1998) (and cases cited therein).  We also conclude that Congress had a rational basis for treating prisoners differently from nonprisoners by requiring them to pay the filing fees (albeit in installments), i.e., that Congress has a legitimate interest in curbing meritless prisoner

litigation, and that making indigent prisoners partially responsible for the costs of their litigation would decrease the amount of such meritless litigation. <u>See</u> <u>Christiansen v. Clarke</u>, No. 97-1511, slip op. at 4-5 (8th Cir. May 29, 1998); <u>Nicholas v. Tucker</u>, 114 F.3d 17, 20-21 (2d Cir. 1997), <u>cert. denied</u>, 66 U.S.L.W. 3748 (U.S. May 18, 1998) (No. 97-8275); <u>Roller v. Gunn</u>, 107 F.3d 227, 233-34 (4th Cir.), <u>cert. denied</u>, 118 S. Ct. 192 (1997). Thus, Mr. Lefkowitz's equal protection challenge fails.

Mr. Lefkowitz argues that the twenty-percent-of-income rule in section 1915(b)(1) (initial partial filing fee should be assessed on basis of 20% of average monthly deposits or 6-month average balance in prisoner account) should be applied on a per inmate basis, rather than on a per case basis. We disagree. Because the PLRA fee provisions were designed to require prisoners to bear financial responsibility for each action they take, the twenty-percent rule should be applied per case. <u>See</u> <u>Newlin v. Helman</u>, 123 F.3d 429, 436 (7th Cir. 1997), <u>cert. denied</u>, 118 S. Ct. 707 (1998).

Accordingly, we affirm the judgments of the district court. Mr. Lefkowitz's motion to recuse two circuit judges is denied as moot.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-