**Luria N. GREENE, Appellant,**

v.

**John H. DALTON, Secretary, Department of the Navy and Donald W. Clause, Appellees.**

**No. 97–5333.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 13, 1998.

Decided Jan. 19, 1999.

---

Kurt J. Hamrock argued the cause as amicus curiae on behalf of appellant. With him on the briefs was Daniel G. Jarcho, appointed by the court.

Luria N. Greene, appearing pro se, was on the briefs for appellant.

Brian J. Sonfield, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were Wilma A. Lewis, U.S. Attorney, and R. Craig Lawrence, Assistant U.S. Attorney.

Before: SILBERMAN, GINSBURG, and GARLAND, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

Luria N. Greene sued the Navy under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1), and her former supervisor under the common law, claiming that (1) her supervisor had sexually harassed her while she was employed by the Navy as a summer intern and (2) in retaliation for her complaining about the harassment the Navy refused to rehire her the following summer. The district court, concluding that Greene had failed to present sufficient evidence to support a jury verdict against the Navy, granted the Government's motion for summary judgment and dismissed the claim against the supervisor for lack of subject matter jurisdiction. Upon Greene's appeal, we hold that a reasonable jury could find that Greene was sexually harassed by her Navy supervisor, but not that the Navy retaliated against her because of her complaints about him. Accordingly, the judgment of the district court is reversed in part and affirmed in part.

## I.  Background

Greene started work for the Navy as a temporary engineering technician on June 19, 1995; she was a 22-year-old graduate student at the time. According to her affidavit, which we credit in view of the procedural posture of the case, that same day "and virtually every day thereafter," her immediate supervisor, Lieutenant Commander Donald Clause, subjected her to "unwelcome discussions concerning sexual matters" and to amorous advances. Clause's campaign of harassment, she says, culminated on June 29 in his raping her. On August 2, when Clause allegedly propositioned her again, she reported the rape to a Navy EEO counselor.

In October, 1995 Greene filed a formal sexual harassment complaint with the Navy's Equal Employment Office. As a result of her allegations the Navy initiated a court martial proceeding against Clause, charging him with rape, sexual harassment, adultery, and conduct unbecoming an officer. Clause admitted having sex with Greene but claimed that it was consensual. In support of this defense he introduced evidence suggesting that Greene had in the past filed a number of frivolous sexual harassment complaints. He also introduced a diary, purportedly written by Greene, that confirmed his account of the June 29 incident. The military court found Clause guilty of adultery and conduct unbecoming an officer, but not guilty of rape or sexual harassment.

In 1996 Greene again applied for a summer position with the Navy. Another, allegedly less qualified, candidate was hired for the position. Greene asserts that the Navy refused to hire her because of the charges she had made against Clause.

Greene filed this suit in September, 1996. Her complaint includes claims against the Navy for sexual harassment and retaliation and against Clause for intentional infliction of emotional distress, as well as a demand for a jury trial. Instead of answering the complaint, both defendants moved to dismiss, or, in the alternative, for summary judgment.

The district court granted the Navy's motion for summary judgment and dismissed

the case against Clause. First, in view of Greene's history of questionable complaints and the exculpatory contents of her supposed diary, the court reasoned that her allegations of sexual harassment "may have been fabricated for purposes of personal advantage or revenge"; although Greene had submitted an affidavit to the court in which she denied writing the diary, the court faulted her for not making a "definitive repudiation" of its authenticity. Turning next to Greene's claim of retaliation, which it mistakenly understood to rest solely upon the Navy's decision not to hire her for a permanent position, the court observed that she had failed to present evidence that she had ever applied for such a position, wherefore no reasonable jury could find that the Navy had wrongfully denied it to her. Finally, the court dismissed for lack of subject matter jurisdiction Greene's claim against Clause. for intentional infliction of emotional distress. Greene contends that the court erred in making each of these rulings.

## II. Analysis

■ This court reviews a grant of summary judgment *de novo*, that is, applying the same standard that governed the district court's decision. *See Troy Corp. v. Browner*, 120 F.3d 277, 281 (1997). Under Fed. R.Civ.P. 56(c), summary judgment is appropriate only if "there is no genuine issue as to any material fact." In deciding whether there is a genuine issue of fact before it, the court must assume the truth of all statements proffered by the party opposing summary judgment—subject to an exception discussed below. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This is the standard even when the court entertains grave doubts about such a statement; like the weighing of evidence generally, the task of determining the credibility of a witness is the exclusive domain of the finder of fact. *See id.*; *Bayer v. United States Dep't of Treasury*, 956 F.2d 330, 333 (D.C.Cir.1992).

■ In granting summary judgment for the Navy on Greene's claim for sexual harassment, the district court quite clearly invaded the province of the jury. Greene submitted a sworn affidavit stating that Clause had harassed and raped her, and that the proffered diary suggesting otherwise was a forgery. If true, these allegations are indisputably sufficient to support a verdict against the Navy under Title VII. *See Gary v. Long*, 59 F.3d 1391, 1397 (D.C.Cir.1995). The allegations may, of course, be false. That is a question not for the court, however, but for the jury.

■ Recognizing, one suspects, the inevitability of this conclusion, the Navy argues that the district court's decision can be upheld upon an alternative ground, namely, that the Navy has made out the affirmative defense recognized by the Supreme Court in *Faragher v. City of Boca Raton*, —— U.S. ——, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), and *Burlington Industries, Inc. v. Ellerth*, —— U.S. ——, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). In those cases the Court held that when a supervisor creates a hostile work environment for a subordinate, their mutual employer can avoid or decrease its liability for the supervisor's acts by showing that (1) it took reasonable care to prevent and correct the harassment, but (2) the subordinate "unreasonably failed to avail herself of the employer's preventive or remedial apparatus." *Faragher*, 118 S.Ct. at 2292. Because the rigor with which the Navy enforces its strict anti-harassment policy is unquestioned, and because Greene admittedly waited more than a month to disclose the alleged rape, the Navy contends that it has made out this defense as a matter of law.

■ Even if the Navy can satisfy the first element of the *Faragher* test, however, it plainly has not met the second. The "failure to avail" standard is not intended to punish the plaintiff merely for being dilatory. Rather, it "reflects an . . . obvious policy imported from the general theory of damages," namely, that the victim has a duty to mitigate her damages. 118 S.Ct. at 2292. "If the victim could have avoided harm, no liability should be found against the employer who had taken reasonable care, and . . . no award against a liable employer should reward a plaintiff for what her own efforts could have avoided." *Id.*

■ In a suit for sexual harassment, the actionable harm is caused by "harassment ... sufficiently severe or pervasive to alter the terms and conditions of [the victim's] employment and create an abusive working environment." *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). In order for the Navy to avoid all liability based upon its *Faragher* defense, therefore, it must show not merely that Greene inexcusably delayed reporting the alleged rape—which is what it emphasizes on brief—but that, as a matter of law, a reasonable person in Greene's place would have come forward early enough to prevent Clause's harassment from becoming "severe or pervasive." This the Navy has not done; too little is known about Clause's behavior in the first ten days of Greene's employment. The only evidence on the subject is Greene's rather general assertion that Clause repeatedly initiated inappropriate sexual conversations with, and made inappropriate advances toward, her during that period. As the party moving for summary judgment, the Navy bears the initial burden of identifying evidence that demonstrates the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). On the record before us, however, we can determine neither the point at which Clause's harassment became severe or pervasive nor when a reasonable person would have reported his behavior. A jury may resolve both these issues in favor of the Navy, but without improperly resolving disputed issues of fact, we cannot.

Greene's claim of retaliation is an altogether different matter. As she correctly observes, the district court focused exclusively upon her charge, now effectively abandoned, that the Navy retaliated against her by failing to give her a permanent position, and ignored her contention that the service also refused to hire her for a second summer job. The latter allegation deserved more attention than the district court gave it, but not much more.

■ The only evidence Greene proffered that even conceivably suggests a retaliatory animus on the part of the Navy consists of the representation in her affidavit that she applied for summer jobs in 1996 and 1997 and was not hired although "another student, who had less experience and education was hired back" in 1996.* *See Paquin v. Federal Nat'l Mortgage Ass'n,* 119 F.3d 23, 31 (D.C.Cir.1997) (otherwise inexplicable hiring decision can support inference of discriminatory animus). Although, as a rule, statements made by the party opposing a motion for summary judgment must be accepted as true for the purpose of ruling on that motion, some statements are so conclusory as to come within an exception to that rule. *See, e.g., Delange v. Dutra Constr. Co.,* 153 F.3d 1055, 1058 (9th Cir.1998); *Lefkowitz v. Citi–Equity Group, Inc.,* 146 F.3d 609, 611 (8th Cir.1998); *Huckabay v. Moore,* 142 F.3d 233, 240 (5th Cir.1998).

■ Greene's statement here is of just that conclusory sort. *See Harding v. Gray,* 9 F.3d 150, 154 (D.C.Cir.1993) (plaintiff "must support his allegations of superior qualifications with facts in the record; a mere unsubstantiated allegation of superior qualifications creates no genuine issue of fact and will not withstand summary judgment"). Absent supporting facts—and Greene provided none—a jury would be in no position to assess her claim of superiority. Accepting such conclusory allegations as true, therefore, would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial. Because Greene's claim of retaliation rests entirely upon a conclusory representation, the district court was right to dismiss it.

## III. Conclusion

There is evidence in the record from which a reasonable juror could conclude that Clause harassed Greene. Furthermore, Greene's failure to seek assistance promptly after

---

* We need not address Greene's objection that the district court failed to rule on her motion to compel the Navy to produce her employment records. She sought those documents only to show that "she did indeed apply for the positions in controversy in this case"—a fact which, for the purpose of this appeal, we assume to be true.

Clause allegedly raped her is not causally related to the harm for which she is suing and hence does not preclude her recovery as a matter of law. The district court therefore erred in granting summary judgment for the Navy on Greene's claim of sexual harassment and, as a consequence thereof, in dismissing her pendent common law claim against Clause.

On the other hand, there is not sufficient evidence in the record for a jury to conclude that the Navy's failure to rehire Greene was retaliatory. We have considered Greene's other arguments and find them to be without sufficient merit to warrant explication in a published opinion. Accordingly, the judgment of the district court is affirmed in part and reversed in part.

*So ordered.*