United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued November 13, 1998 Decided January 19, 1999 

 No. 97-5333

 Luria N. Greene, 

 Appellant

 v.

 John H. Dalton, Secretary, 

 Department of the Navy and 

 Donald W. Clause, 

 Appellees

 Appeal from the United States District Court 

 for the District of Columbia 

 (No. 96cv02161)

 Kurt J. Hamrock argued the cause as amicus curiae on 
behalf of appellant. With him on the briefs was Daniel G. 
Jarcho, appointed by the court.

 Luria N. Greene, appearing pro se, was on the briefs for 
appellant.


 Brian J. Sonfield, Assistant U.S. Attorney, argued the 
cause for appellee. With him on the brief were Wilma A. 
Lewis, U.S. Attorney, and R. Craig Lawrence, Assistant U.S. 
Attorney.

 Before: Silberman, Ginsburg, and Garland, Circuit 
Judges.

 Opinion for the Court filed by Circuit Judge Ginsburg.

 Ginsburg, Circuit Judge: Luria N. Greene sued the Navy 
under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 
s 2000e-2(a)(1), and her former supervisor under the com-
mon law, claiming that (1) her supervisor had sexually ha-
rassed her while she was employed by the Navy as a summer 
intern and (2) in retaliation for her complaining about the 
harassment the Navy refused to rehire her the following 
summer. The district court, concluding that Greene had 
failed to present sufficient evidence to support a jury verdict 
against the Navy, granted the Government's motion for sum-
mary judgment and dismissed the claim against the supervi-
sor for lack of subject matter jurisdiction. Upon Greene's 
appeal, we hold that a reasonable jury could find that Greene 
was sexually harassed by her Navy supervisor, but not that 
the Navy retaliated against her because of her complaints 
about him. Accordingly, the judgment of the district court is 
reversed in part and affirmed in part.

 I. Background

 Greene started work for the Navy as a temporary engi-
neering technician on June 19, 1995; she was a 22-year-old 
graduate student at the time. According to her affidavit, 
which we credit in view of the procedural posture of the case, 
that same day "and virtually every day thereafter," her 
immediate supervisor, Lieutenant Commander Donald 
Clause, subjected her to "unwelcome discussions concerning 
sexual matters" and to amorous advances. Clause's campaign 
of harassment, she says, culminated on June 29 in his raping 
her. On August 2, when Clause allegedly propositioned her 
again, she reported the rape to a Navy EEO counselor.

 In October, 1995 Greene filed a formal sexual harassment 
complaint with the Navy's Equal Employment Office. As a 
result of her allegations the Navy initiated a court martial 
proceeding against Clause, charging him with rape, sexual 
harassment, adultery, and conduct unbecoming an officer. 
Clause admitted having sex with Greene but claimed that it 
was consensual. In support of this defense he introduced 
evidence suggesting that Greene had in the past filed a 
number of frivolous sexual harassment complaints. He also 
introduced a diary, purportedly written by Greene, that con-
firmed his account of the June 29 incident. The military 
court found Clause guilty of adultery and conduct unbecom-
ing an officer, but not guilty of rape or sexual harassment.

 In 1996 Greene again applied for a summer position with 
the Navy. Another, allegedly less qualified, candidate was 
hired for the position. Greene asserts that the Navy refused 
to hire her because of the charges she had made against 
Clause.

 Greene filed this suit in September, 1996. Her complaint 
includes claims against the Navy for sexual harassment and 
retaliation and against Clause for intentional infliction of 
emotional distress, as well as a demand for a jury trial. 
Instead of answering the complaint, both defendants moved 
to dismiss, or, in the alternative, for summary judgment.

 The district court granted the Navy's motion for summary 
judgment and dismissed the case against Clause. First, in 
view of Greene's history of questionable complaints and the 
exculpatory contents of her supposed diary, the court rea-
soned that her allegations of sexual harassment "may have 
been fabricated for purposes of personal advantage or re-
venge"; although Greene had submitted an affidavit to the 
court in which she denied writing the diary, the court faulted 
her for not making a "definitive repudiation" of its authentici-
ty. Turning next to Greene's claim of retaliation, which it 
mistakenly understood to rest solely upon the Navy's decision 
not to hire her for a permanent position, the court observed 
that she had failed to present evidence that she had ever 
applied for such a position, wherefore no reasonable jury 


could find that the Navy had wrongfully denied it to her. 
Finally, the court dismissed for lack of subject matter juris-
diction Greene's claim against Clause for intentional infliction 
of emotional distress. Greene contends that the court erred 
in making each of these rulings.

 II. Analysis

 This court reviews a grant of summary judgment de novo, 
that is, applying the same standard that governed the district 
court's decision. See Troy Corp. v. Browner, 120 F.3d 277, 
281 (1997). Under Fed. R. Civ. P. 56(c), summary judgment 
is appropriate only if "there is no genuine issue as to any 
material fact." In deciding whether there is a genuine issue 
of fact before it, the court must assume the truth of all 
statements proffered by the party opposing summary judg-
ment--subject to an exception discussed below. See 
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). 
This is the standard even when the court entertains grave 
doubts about such a statement; like the weighing of evidence 
generally, the task of determining the credibility of a witness 
is the exclusive domain of the finder of fact. See id.; Bayer 
v. United States Dep't of Treasury, 956 F.2d 330, 333 (D.C. 
Cir. 1992).

 In granting summary judgment for the Navy on Greene's 
claim for sexual harassment, the district court quite clearly 
invaded the province of the jury. Greene submitted a sworn 
affidavit stating that Clause had harassed and raped her, and 
that the proffered diary suggesting otherwise was a forgery. 
If true, these allegations are indisputably sufficient to support 
a verdict against the Navy under Title VII. See Gary v. 
Long, 59 F.3d 1391, 1397 (D.C. Cir. 1995). The allegations 
may, of course, be false. That is a question not for the court, 
however, but for the jury.

 Recognizing, one suspects, the inevitability of this conclu-
sion, the Navy argues that the district court's decision can be 
upheld upon an alternative ground, namely, that the Navy has 
made out the affirmative defense recognized by the Supreme 
Court in Faragher v. City of Boca Raton, 118 S. Ct. 2275 

(1998), and Burlington Industries, Inc. v. Ellerth, 118 S. Ct. 
2257 (1998). In those cases the Court held that when a 
supervisor creates a hostile work environment for a subor-
dinate, their mutual employer can avoid or decrease its 
liability for the supervisor's acts by showing that (1) it took 
reasonable care to prevent and correct the harassment, but 
(2) the subordinate "unreasonably failed to avail herself of the 
employer's preventive or remedial apparatus." Faragher, 118 
S. Ct. at 2292. Because the rigor with which the Navy 
enforces its strict anti-harassment policy is unquestioned, and 
because Greene admittedly waited more than a month to 
disclose the alleged rape, the Navy contends that it has made 
out this defense as a matter of law.

 Even if the Navy can satisfy the first element of the 
Faragher test, however, it plainly has not met the second. 
The "failure to avail" standard is not intended to punish the 
plaintiff merely for being dilatory. Rather, it "reflects an ... 
obvious policy imported from the general theory of damages," 
namely, that the victim has a duty to mitigate her damages. 
118 S. Ct. at 2292. "If the victim could have avoided harm, 
no liability should be found against the employer who had 
taken reasonable care, and ... no award against a liable 
employer should reward a plaintiff for what her own efforts 
could have avoided." Id.

 In a suit for sexual harassment, the actionable harm is 
caused by "harassment ... sufficiently severe or pervasive to 
alter the terms and conditions of [the victim's] employment 
and create an abusive working environment." Meritor Sav-
ings Bank v. Vinson, 477 U.S. 57, 67 (1986). In order for the 
Navy to avoid all liability based upon its Faragher defense, 
therefore, it must show not merely that Greene inexcusably 
delayed reporting the alleged rape--which is what it empha-
sizes on brief--but that, as a matter of law, a reasonable 
person in Greene's place would have come forward early 
enough to prevent Clause's harassment from becoming "se-
vere or pervasive." This the Navy has not done; too little is 
known about Clause's behavior in the first ten days of 
Greene's employment. The only evidence on the subject is 
Greene's rather general assertion that Clause repeatedly 


initiated inappropriate sexual conversations with, and made 
inappropriate advances toward, her during that period. As 
the party moving for summary judgment, the Navy bears the 
initial burden of identifying evidence that demonstrates the 
absence of any genuine issue of material fact. See Celotex 
Corp. v. Catrett, 477 U.S. 317, 323 (1986). On the record 
before us, however, we can determine neither the point at 
which Clause's harassment became severe or pervasive nor 
when a reasonable person would have reported his behavior. 
A jury may resolve both these issues in favor of the Navy, but 
without improperly resolving disputed issues of fact, we can-
not.

 Greene's claim of retaliation is an altogether different 
matter. As she correctly observes, the district court focused 
exclusively upon her charge, now effectively abandoned, that 
the Navy retaliated against her by failing to give her a 
permanent position, and ignored her contention that the 
service also refused to hire her for a second summer job. 
The latter allegation deserved more attention than the district 
court gave it, but not much more.

 The only evidence Greene proffered that even conceivably 
suggests a retaliatory animus on the part of the Navy consists 
of the representation in her affidavit that she applied for 
summer jobs in 1996 and 1997 and was not hired although 
"another student, who had less experience and education was 
hired back" in 1996.1 See Paquin v. Federal Nat'l Mortgage 
Ass'n, 119 F.3d 23, 31 (D.C. Cir. 1997) (otherwise inexplicable 
hiring decision can support inference of discriminatory ani-
mus). Although, as a rule, statements made by the party 
opposing a motion for summary judgment must be accepted 
as true for the purpose of ruling on that motion, some 
statements are so conclusory as to come within an exception 

__________
 1 We need not address Greene's objection that the district court 
failed to rule on her motion to compel the Navy to produce her 
employment records. She sought those documents only to show 
that "she did indeed apply for the positions in controversy in this 
case"--a fact which, for the purpose of this appeal, we assume to be 
true.

to that rule. See, e.g., Delange v. Dutra Constr. Co., 153 F.3d 
1055, 1058 (9th Cir. 1998); Lefkowitz v. Citi-Equity Group, 
Inc., 146 F.3d 609, 611 (8th Cir. 1998); Huckabay v. Moore, 
142 F.3d 233, 240 (5th Cir. 1998).

 Greene's statement here is of just that conclusory sort. 
See Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993) 
(plaintiff "must support his allegations of superior qualifica-
tions with facts in the record; a mere unsubstantiated allega-
tion of superior qualifications creates no genuine issue of fact 
and will not withstand summary judgment"). Absent sup-
porting facts--and Greene provided none--a jury would be in 
no position to assess her claim of superiority. Accepting such 
conclusory allegations as true, therefore, would defeat the 
central purpose of the summary judgment device, which is to 
weed out those cases insufficiently meritorious to warrant the 
expense of a jury trial. Because Greene's claim of retaliation 
rests entirely upon a conclusory representation, the district 
court was right to dismiss it.

 III. Conclusion

 There is evidence in the record from which a reasonable 
juror could conclude that Clause harassed Greene. Further-
more, Greene's failure to seek assistance promptly after 
Clause allegedly raped her is not causally related to the harm 
for which she is suing and hence does not preclude her 
recovery as a matter of law. The district court therefore 
erred in granting summary judgment for the Navy on 
Greene's claim of sexual harassment and, as a consequence 
thereof, in dismissing her pendent common law claim against 
Clause.

 On the other hand, there is not sufficient evidence in the 
record for a jury to conclude that the Navy's failure to rehire 
Greene was retaliatory. We have considered Greene's other 
arguments and find them to be without sufficient merit to 
warrant explication in a published opinion. Accordingly, the 
judgment of the district court is affirmed in part and reversed 
in part.

 So ordered.