# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3690

_____

Robin C. McDermott,                           *
                                              *
          Plaintiff-Appellant,       *
                                              *
   v.                                     *
                                              *
Thomas Dean Royal, In their individual        *
and official capacities as police officers    *
for the City of Springfield; Darren           *
Whisnant, In their individual and             *
official capacities as police officers for    *
the City of Springfield; Doug Wilson,         *
In their individual and official              *
capacities as police officers for the City    *   Appeal from the United States
of Springfield; Brian Phillips, In their      *   District Court for the Western
individual and official capacities as         *   District of Missouri.
police officers for the City of Spring-       *
field; John A. Smith, In their                *   [UNPUBLISHED]
individual and official capacities as         *
police officers for the City of              *
Springfield; Mike Wray, In their              *
individual and official capacities as         *
police officers for the City of Spring-       *
field; Lynn Rowe, In his individual           *
capacity as Chief of Police for the City      *
of Springfield; Ron Dirickson, In his         *
individual capacity as Assistant City         *
Attorney; City of Springfield, A              *
municipal corporation of the State of         *
Missouri,                                     *
                                              *
          Defendants-Appellees.      *

_____

Submitted: July 8, 2004
Filed: September 10, 2004
_____

Before WOLLMAN, LAY, and MELLOY, Circuit Judges.
_____

PER CURIAM.

This matter arises under Plaintiff's petition for rehearing. We hold the petition for rehearing should be granted. The court's earlier opinion issued on July 27, 2004, is ordered vacated and is replaced by the following opinion.

Robin McDermott appeals *pro se* from a final order entered in the United States District Court for the Western District of Missouri[1] granting Defendants' motion for summary judgment. In her complaint, McDermott alleged that she was denied the rights secured to her by the First, Fourth, and Fourteenth Amendments to the United States Constitution by virtue of Defendants' actions in connection with her arrest and subsequent prosecution on charges of obstruction of an officer in violation of section 26-17 the Code of the City of Springfield, Missouri.[2] McDermott asserted a cause of

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

[2]That section provides:

No person shall resist or obstruct a city officer making an arrest or serving any legal writ, warrant or process or executing or attempting to execute any other duty imposed by law.

SPRINGFIELD, MO., CODE § 26-17 (1981). Section 26-17 was later renumbered as section 78-32(1) on October 23, 2000.

action under 42 U.S.C. § 1983, supported by various legal theories, as well as pendent state law claims.[3]

We review the entry of summary judgment *de novo*, applying the same standard as the district court and viewing the record in the light most favorable to the non-moving party. See Gilmore v. AT&T, 319 F.3d 1042, 1046 (8th Cir. 2003). Summary judgment is proper only when it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The district court construed McDermott's *pro se* complaint as seeking relief on several theories, including that Defendants subjected her to: (1) excessive use of force; (2) false arrest; (3) malicious prosecution; and (4) intentional infliction of emotional distress. After reviewing the parties' submissions and the applicable legal authorities, we find that summary judgment was properly granted in favor of the Defendants on each theory articulated by the district court. See 8th Cir. R. 47B.

This is not the end of the matter, however. Because McDermott is acting *pro se*, we have a duty to construe the pleadings with liberality to determine whether any allegations raised therein fairly state any claim entitling her to federal relief. See Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994). In this case, we find that the factual allegations raised in McDermott's complaint were sufficient to raise the claim that the municipal ordinance pursuant to which she was arrested, charged, and prosecuted, was violative of the First Amendment.

These facts, viewed in the light most favorable to McDermott, demonstrate the following: During the early morning hours of January 23, 1998, police officers from

---

[3]McDermott also requested attorney fees and costs pursuant to 42 U.S.C. § 1988. We note that a *pro se* litigant is not entitled to attorney fees under section 1988. See Davis v. Parratt, 608 F.2d 717, 718 (8th Cir. 1979); see also Kay v. Ehrler, 499 U.S. 432, 435 (1991).

the City of Springfield, Missouri, arrived at McDermott's residence for the purpose of arresting her son on charges of driving while intoxicated. When McDermott became aware of the arrest, she stepped onto her front porch and began to harass or otherwise annoy the police, telling them that they had no right to search her son's vehicle without a warrant and that they should leave her private property. At no point did she offer any force or violence, or threat thereof, nor did she seek to close the distance between herself and the police. The police informed McDermott that if she did not quiet down and go back inside her residence, she would be arrested and taken to jail. When McDermott refused to relent, the police made good on their threat: McDermott was subsequently arrested and charged with a violation of § 26-17 of the Springfield, Missouri, City Code. McDermott was ultimately acquitted on all charges against her stemming from this altercation.

Under these circumstances, we believe that McDermott has raised a viable (if not ultimately successful) claim that her First Amendment rights were violated insofar as she was arrested, charged, and prosecuted for the mere verbal harassment of the Defendant police officers. See City of Houston v. Hill, 482 U.S. 451, 455 (1987) (striking down as unconstitutionally overbroad a municipal ordinance prohibiting an individual from "oppos[ing], molest[ing], abus[ing] or interrupt[ing] any policeman in the execution of his duty") (quoting HOUSTON, TEX., ORDINANCES 34-11(a) (1984)); id. at 462-63 ("The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state."); see also City of Columbia v. Hardin, 963 S.W.2d 6, 10 (Mo. Ct. App. 1998) (noting that a conviction for an analogous offense of obstructing government operations under the municipal code of Columbia, Missouri, requires proof of physical interference).

Accordingly, we remand the cause to the district court for further proceedings consistent with this opinion.

_____