# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-2876

_____

Robin C. McDermott,            *

                             *

         Appellant,     *

                             *

     v.                    *

                             *

Thomas Dean Royal, In their individual *

and official capacities as police officers *

for the City of Springfield; Darren   *

Whisnant, In their individual and    *

official capacities as police officers   *   Appeal from the United States

for the City of Springfield; Doug     *   District Court for the

Wilson, In their individual and official *   Western District of Missouri.

capacities as police officers for the   *     [UNPUBLISHED]

City of Springfield; Brian Phillips, In *

their individual and official capacities *

as police officers for the City of     *

Springfield; John A Smith, In their    *

individual and official capacities as   *

police officers for the City of       *

Springfield; Mike Wray, In their     *

individual and official capacities as   *

police officers for the City of       *

Springfield; Lynn Rowe, In his      *

individual capacity as Chief of Police *

for the City of Springfield; Ron      *

Dirickson, In his individual capacity as *

Assistance City Attorney; City of    *

Springfield, A municipal corporation of *

the State of Missouri,          *

                             *

         Appellees.     *

_____

Submitted: September 28, 2006
Filed: January 11, 2007

_____

Before WOLLMAN, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Robin C. McDermott appeals the district court's adverse grant of judgment following an evidentiary hearing in her 42 U.S.C. § 1983 lawsuit. McDermott brought an action for damages against the City of Springfield, Missouri, and some of its police officers and officials. See McDermott v. Royal, 123 Fed. Appx. 241 (8th Cir. 2004) (unpublished per curiam). She claimed violations of the First, Fourth, and Fourteenth Amendments, and asserted pendent state law claims, based on allegations related to her arrest and prosecution for obstructing officers who arrived at her residence to arrest her son for driving while intoxicated. See id. at 242. The district court granted summary judgment to defendants, but we remanded for further proceedings because McDermott had "raised a viable (if not ultimately successful) claim that her First Amendment rights were violated insofar as she was arrested, charged, and prosecuted for the mere verbal harassment of the Defendant police officers." Further, McDermott's factual allegations were sufficient to raise a claim that the municipal ordinance under which she was prosecuted (but ultimately acquitted) violated the First Amendment. See id. at 242-43.

On remand the district court scheduled an evidentiary hearing over McDermott's protests that her complaint had included a request for a jury trial. Following the hearing, the district court granted judgment to defendants, concluding that this was not a case of a suspect being detained for simply shouting profanities at an officer; rather McDermott's verbal harassment caused Caesar, a dog trained to

detect narcotics, to be distracted from his duty--assisting one of the police officer defendants in searching the truck that McDermott's son had been driving, which was parked on McDermott's property--and thus interfered with the search. The court concluded that the First Amendment did not give McDermott the right to obstruct an officer from performing his duty and to jeopardize the safety of others by agitating a police dog.

We agree with McDermott that the district court violated her right to a jury trial. See Mathieu v. Gopher News Co., 273 F.3d 769, 776 (8th Cir. 2001) (Seventh Amendment preserves right to jury trial for civil litigants). Further, we cannot say the error is harmless, which would require us to find that the district court could have entered a directed verdict for defendants. See King v. Univ. v. Minnesota, 774 F.2d 224, 229 (8th Cir. 1985). The record does not support judgment as a matter of law if McDermott's version of the events is accepted as true--or for that matter, even if defendants' version of the facts is accepted as true.

Specifically, in City of Houston v. Hill, 482 U.S. 451 (1987), the Supreme Court clarified that the First Amendment protects verbal criticism and challenge, including profanity, directed to police officers unless the speech consists of "fighting words," namely, words that themselves inflict injury or incite immediate breach of the peace. See id. at 461-63 (freedom verbally to challenge police action without risking arrest is one of principal characteristics by which free nation is distinguished from police state); Buffkins v. City of Omaha, 922 F.2d 465, 472 (8th Cir. 1991) (fighting words are words likely to cause average addressee to fight). Here, defendants adduced testimony that McDermott waved her arms and yelled profanities at the officers to stop the search, and that Caesar became agitated. Nevertheless, McDermott remained on her porch thirty feet from the truck being searched, she did not threaten the officers or attempt to approach them, nor did she physically interfere with the search. We cannot say that McDermott's conduct amounted to fighting words. Cf. Buffkins, 922 F.2d at 472 (officers did not have probable cause to arrest defendant for using fighting

words, as there was no evidence that speech, e.g., calling officer "asshole," was incitement to immediate lawless actions, defendant did not become violent or threaten violence, and nobody outside interview room heard her comments); Duran v. City of Douglas, 904 F.2d 1372, 1378 (9th Cir. 1990) (police may resent having obscene gestures and words directed at them, but they may not punish individuals for such disgraceful conduct as it is lawful and protected by First Amendment).  The state-law cases upon which the district court relied are not apposite.  In one case, the defendant resisted being taken into custody.  See State v. Winkelmann, 776 S.W.2d 44, 44 (Mo. Ct. App. 1989) (defendant stated he was not going to be taken into custody, and then pushed past officers, got in his car, and with both officers holding onto two open doors, drove forward).  In the other case, the defendant acted far more belligerently than McDermott, and more important, that case pre-dated City of Houston.  See Tillett v. State, 637 P.2d 261, 263 (Wyo. 1981) (defendant yelled at first officer who requested his driver's license, which he at first refused to produce, he hopped onto hood of patrol car, he called second officer names and made threatening gestures toward him, and he refused two requests to return to his car).

Finally, appellees' reliance on Caesar's reactions to McDermott is misplaced. We have compared a properly trained police dog to other law enforcement tools, see Kuha v. City of Minnetonka, 365 F.3d 590, 597-98 (8th Cir. 2003), but we fail to see how the presence of a law enforcement tool--here, an unleashed police dog outside a patrol car--would cause McDermott's conduct to amount to fighting words.

The district court did not address the constitutionality of the ordinance under which McDermott was arrested and charged, and contrary to appellees' assertion, McDermott did raise this as an issue below.  We conclude that the district court should address this issue in the first instance.  See Editek, Inc. v. Morgan Capital, L.L.C., 150

-4-

F.3d 830, 834-35 (8th Cir. 1998) (declining to address issue not resolved by district court).[1]

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

_____

[1]McDermott argues on appeal that the district court was biased, but the record does not show judicial bias, and she did not seek recusal. Cf. 28 U.S.C. § 144 (requiring reassignment if party files timely and sufficient affidavit stating judge has personal bias or prejudice against him or in favor of adverse party); 28 U.S.C. § 455 (judge must disqualify himself if partiality might be questioned; listing circumstances); Lefkowitz v. City-Equity Group, Inc., 146 F.3d 609, 611-12 (8th Cir. 1998) (recusal motion based solely on previous adverse rulings properly denied). We also reject any attempt by McDermott to renew the Fourth and Fourteenth Amendment claims disposed of in the first appeal. See United States v. Vertac Chem. Corp., 453 F.3d 1031, 1047 (8th Cir. 2006) (on remand, every question before appeals court and disposed of by its decree is finally settled and determined).