STATE of Minnesota, Appellant,

v.

Eileen Jean KRAWSKY, Respondent.

No. CX–87–1793.

Supreme Court of Minnesota.

Aug. 5, 1988.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst., St. Paul, Robert J. Alfton, Minneapolis City Atty., Steven A. Silverman, Asst. City Atty., Minneapolis, for appellant.

William R. Kennedy, Hennepin County Public Defender, Warren R. Sagstuen, John C. Mahoney, Asst. Public Defenders, Minneapolis, for respondent.

## OPINION

COYNE, Justice.

The issue on this appeal is whether Minn. Stat. § 609.50 (1986), which makes it a misdemeanor to intentionally interfere with a peace officer while the officer is engaged in the performance of his official duties, is unconstitutionally overbroad or vague on its face. The trial court ruled that the statute is facially overbroad and granted defendant Eileen Krawsky's pre-trial motion to dismiss the prosecution. The court of appeals affirmed. *State v. Krawsky,* 417 N.W.2d 687 (Minn.App.1988). Holding that the statute is not facially overbroad or vague, we reverse and remand for trial.

1. The overbreadth doctrine recognizes the right of a person whose own speech or expressive conduct is not constitutionally protected to challenge a statute on its face if the statute sweeps too broadly, reaching a substantial amount of constitutionally protected activity as well as unprotected activity. *NAACP v. Alabama ex rel. Flowers,* 377 U.S. 288, 307–08, 84 S.Ct. 1302, 1313–14, 12 L.Ed.2d 325 (1964). The rationale for allowing the challenge is that the statute's overbreadth "threatens others not before the court—those who desire to engage in legally protected expression but who may refrain from doing so rather than risk prosecution or undertake to have the law declared partially invalid." *Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491, 503, 105 S.Ct. 2794, 2802, 86 L.Ed.2d 394 (1985). "If the overbreadth is 'substantial,' the law may not be enforced against anyone, including the party before the court, until it is narrowed to reach only unprotected activity, whether by legislative action or by judicial construction or partial invalidation." *Id.*

The challenged statute reads:

Whoever intentionally obstructs, hinders or prevents the lawful execution of any legal process, civil or criminal, or apprehension of another on a charge or conviction of a criminal offense or interferes with a peace officer while the officer is engaged in the performance of official duties or by force or threat of force endeavors to obstruct any employee of the department of revenue while the employee is lawfully engaged in the performance of official duties for the purpose of deterring or interfering with the performance of those duties, may be sentenced as follows:

(1) If the act was accompanied by force or violence or the threat thereof, to imprisonment for not more than one year or to payment of a fine of not more than $3,000, or both; or

(2) In other cases to imprisonment for not more than 90 days or to payment of a fine of not more than $700, or both.

Minn.Stat. § 609.50 (1986).[1]

In ruling that the statute is facially overbroad, the trial court and the court of appeals relied on the United States Supreme Court's recent decision in *City of Houston, Tex. v. Hill,* —— U.S. ——, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987). The relevant part of the ordinance in *Hill* made it "unlawful for any person to * * * in any manner oppose, molest, abuse or interrupt any policeman in the execution of his duty, or any person summoned to aid in making an arrest." 107 S.Ct. at 2506. *Hill* was a declaratory judgment action in which the plaintiff presented evidence indicating that the ordinance had been employed to make arrests for "arguing," "talking," "failing to remain quiet," "cursing," and other conduct. 107 S.Ct. at 2507. The United States Supreme Court held that the ordinance was facially overbroad in two primary ways. First, the enforceable portion of the ordinance dealt not with core criminal conduct but only

---

1. The legislature amended the statute while this case was pending before this court by adding the words "obstructs, resists or" immediately before the term "interferes." Act of April 21, 1988, ch. 584 § 1, 1988 Minn.Laws 610–11.

with speech, because any type of physical assault on a police officer was preempted by the state penal code. 107 S.Ct. at 2508. Second, the ordinance was not narrowly tailored to prohibit only actual obstruction of police officers, but was instead so sweeping that it provided the police with "unfettered discretion to arrest individuals for words or conduct that annoy or offend them." 107 S.Ct. at 2510–11, including n. 11.[2]

Defendant Krawsky was charged under that part of section 609.50 which makes it a misdemeanor to intentionally interfere with a peace officer while the officer is engaged in the performance of official duties. She argues that this part of the statute is not significantly distinguishable for overbreadth purposes from the ordinance struck down in *Houston.* We disagree for three reasons.

First, the statute requires the state to prove that the defendant acted "intentionally." It is clear that the addition of an intent requirement would not, by itself, have saved the ordinance in *Houston.* Compare the majority opinion of Justice Brennan, 107 S.Ct. at 2513 & n. 18, 2515 & n. 22, with the concurring/dissenting opinion of Justice Powell, 107 S.Ct. at 2516–17. However, although not sufficient by itself to save the statute, the provision of an intent element is obviously a necessary precondition to a determination that the statute is not facially overbroad.

The second difference is that, as we interpret it, our statute is directed solely at physical acts, whereas the ordinance in *Houston* was significantly broader, prohibiting verbal criticism directed at police. 107 S.Ct. at 2508–10.

The third difference is that, as we interpret it, our statute is directed at a particular kind of physical act, namely, physically obstructing or interfering with an officer, whereas under the ordinance in *Houston* one could be punished for merely "interrupting" an officer in the line of duty. 107 S.Ct. at 2507. The term "interrupts" connotes the breaking of the continuity of some action or discourse, and would include breaking in with a question or remark while another person is doing something; the term does not necessarily suggest that continuation of the interrupted activity is difficult or impossible. *See e.g., Webster's Third New International Dictionary* 1182 (1981). Thus, one could be prosecuted under the *Houston* ordinance for saying, "Excuse me, officer, I saw what happened and you're arresting the wrong person." *See Hill v. City of Houston, Tex.,* 764 F.2d 1156, 1163 (5th Cir.1985), *aff'd on rehearing,* — U.S. ——, 107 S.Ct. 2502, 96 L.Ed. 2d 398 (1987). On the other hand, physically obstructing or interfering with a police officer involves not merely interrupting an officer but substantially frustrating or hindering the officer in the performance of his duties.

As we read our statute, the statute forbids intentional physical obstruction or interference with a police officer in the performance of his official duties. The statute may be used to punish "fighting words" or any other words that by themselves have the effect of physically obstructing or interfering with a police officer in the performance of his duties—*e.g.,* the statute may be used to punish a person who runs beside an officer pursuing a felon in a public street shouting and cursing at the officer if the shouting and cursing physically obstructs the officer's pursuit and if the person intends by his conduct to obstruct or interfere with the officer. Compare Jus-

---

2. Justice Brennan's opinion was joined in by Justices White, Marshall, Blackmun and Stevens. Justice Blackmun filed a concurring opinion stating, *inter alia,* that the ordinance was susceptible of regular application to protected expression. 107 S.Ct. at 2515. Justice Powell, joined by Justice O'Connor, concurred in part in the judgment and dissented in part. 107 S.Ct. at 2516–20. He argued that the Texas courts should be given a chance to give the ordinance a limiting construction. However, he agreed that if the validity of the ordinance had to be decided on the record before him, it was invalid. Justice Scalia concurred with Justice Powell's analysis of the issue of the validity of the ordinance. 107 S.Ct. at 2515–16. Chief Justice Rehnquist agreed with Justice Powell that the case should be remanded to the Texas courts but disagreed with Justice Powell's conclusion that the ordinance was unconstitutional on its face. 107 S.Ct. at 2520.

tice Brennan's analysis, 107 S.Ct. at 2510–11, and nn. 11–12, with Justice Powell's analysis, 107 S.Ct. at 2519–20. However, the statute does not apply to ordinary verbal criticism directed at a police officer even while the officer is performing his official duties and does not apply to the mere act of interrupting an officer, even intentionally. We conclude that the statute is not facially overbroad.

■ 2. In addition to arguing that the statute is facially overbroad, defendant also argues that the statute is unconstitutionally vague on its face in violation of the due process clause of the Fourteenth Amendment. As explained in *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983):

> As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.

A greater degree of specificity is required when the law in question is a criminal statute capable of reaching protected expression. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982). Even if such a law is not impermissibly vague in all of its possible applications, the law may still be considered vague on its face if "it encourages arbitrary enforcement by failing to describe with sufficient particularity" what the statute prohibits or requires. *Kolender v. Lawson*, 461 U.S. 352, 358–61 including n. 8, 103 S.Ct. 1855, 1858–60 including n. 8, 75 L.Ed.2d 903 (1983).

In *Kolender* the Court struck down as facially vague a California statute that required an individual to provide "credible and reliable" identification when requested by a police officer who has sufficient suspicion of criminal activity to justify a detention under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *Kolender*, 461 U.S. at 355–56, 103 S.Ct. at 1857. The plaintiff in the civil action had been arrested under the statute 15 times over a 2–year period. 461 U.S. at 354, 103 S.Ct. at 1856. The Court observed:

> [The statute] as presently drafted and construed by the state courts, contains no standard for determining what a suspect has to do in order to satisfy the requirement to provide a "credible and reliable" identification. As such, the statute vests virtually complete discretion in the hands of the police to determine whether the suspect has satisfied the statute and must be permitted to go on his way in the absence of probable cause to arrest.

461 U.S. at 358, 103 S.Ct. at 1858. Because the statute's vagueness encouraged discriminatory and abusive enforcement, the Court concluded that it was vague on its face even though one could conceive of some instances where the statute's requirements clearly would not have been met. 461 U.S. at 360–61, 103 S.Ct. at 1859–60.

More recently, in *State v. Newstrom*, 371 N.W.2d 525 (Minn.1985), we struck down as unconstitutionally vague a statute imposing criminal punishment on persons violating the compulsory school attendance law.

We have no difficulty in concluding that section 609.50 is not unconstitutionally vague on its face. Persons of common intelligence need not guess at whether their conduct violates the statute. As we interpret the statute, the statute clearly prohibits only intentional physical obstruction or interference with a peace officer in the performance of his duties. Nor does the statute encourage arbitrary or discriminatory enforcement by the police. In that respect it is unlike the statute in *Kolender*, which accorded "full discretion * * * to the police to determine" whether the credible and reliable identification requirement had been met. Also unlike *Kolender*, no evidence has been presented indicating that the statute has been enforced in an arbitrary or abusive manner.

Moreover, given the wide variety of circumstances in which the type of conduct section 609.50 legitimately seeks to proscribe can occur, it seems unlikely that a substantially more precise standard could

be formulated which would not risk nullification in practice because of easy evasion. Compare *Kolender*, 461 U.S. at 361, 103 S.Ct. at 1860 ("this is not a case where further precision in the statutory language is either impossible or impractical") with *Smith v. Goguen*, 415 U.S. 566, 581, 94 S.Ct. 1242, 1251, 39 L.Ed.2d 605 (1974) (dictum) (broad range of disorderly conduct that may inhibit a police officer in the performance of his official duties may be one area where the nature of the problem presented precludes legislature from establishing precise standards). *See also Cameron v. Johnson*, 390 U.S. 611, 616, 88 S.Ct. 1335, 1338, 20 L.Ed.2d 182 (1968) (statute prohibiting picketing so as to obstruct or unreasonably interfere with free ingress or egress to any courthouse held not vague on its face as the "terms 'obstruct' and 'unreasonably interfere' plainly require no guessing at their meaning").

In summary, we hold that section 609.50 is not facially overbroad or vague.

Reversed and remanded for trial.