# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3167

_____

| | | |
|---|---|---|
| Robin Celeste McDermott, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Thomas Dean Royal, In their | * | |
| individual and official capacities | * | |
| as police officers for the City of | * | |
| Springfield; Darren Whisnant, In | * | |
| their individual and official | * | Appeal from the United States |
| capacities as police officers for the | * | District Court for the |
| City of Springfield; Doug Wilson, | * | Western District of Missouri. |
| In their individual and official | * | |
| capacities as police officers for the | * | [PUBLISHED] |
| City of Springfield; Brian Phillips, | * | |
| In their individual and official | * | |
| capacities as police officers for the | * | |
| City of Springfield; John A. Smith, | * | |
| In their individual and official | * | |
| capacities as police officers for the City | * | |
| of Springfield; Mike Wray, In | * | |
| their individual and official | * | |
| capacities as police officers for the | * | |
| City of Springfield; Lynn Rowe, In | * | |
| his individual capacity as Chief of | * | |
| Police for the City of Springfield; | * | |
| Ron Dirickson, In his individual | * | |
| capacity as Assistant City Attorney, | * | |
| | * | |
| Defendants, | * | |
| | * | |

City of Springfield, A municipal        *
corporation of the State of Missouri,   *
                                        *

         Appellant.              *

_____

Submitted:  June 30, 2010
Filed:   July 30, 2010

_____

Before WOLLMAN, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

The City of Springfield, Missouri (Springfield) appeals the district court's orders finding a Springfield ordinance unconstitutionally overbroad and enjoining its enforcement.  We reverse the appealed orders and remand the case for further proceedings.

Robin Celeste McDermott brought this 42 U.S.C. § 1983 action claiming, in part, that she suffered First Amendment violations during her arrest and prosecution for obstructing police officers who arrested her son.  See McDermott v. Royal, 213 Fed. Appx. 500, 501 (8th Cir. 2007) (unpublished per curiam).  On her appeal from the district court's adverse ruling, we concluded that McDermott had sufficiently raised a claim that the Springfield ordinance (Ordinance) under which she was prosecuted violated the First Amendment.  Accordingly, we remanded the case so that the district court could address in the first instance the constitutionality of the Ordinance.  See id. at 501-03.

The Ordinance (Section 26-17, renumbered as of October 2000 as Section 78-32(1)) provides as follows:  "No person shall resist or obstruct a city officer making

an arrest or serving any legal writ, warrant or process or executing or attempting to execute any other duty imposed upon him by law."

A jury later found for Springfield (the only remaining defendant) on an as-applied challenge to the Ordinance, namely, that McDermott's protected speech was not a substantial or motivating factor in her arrest and that she was not arrested for mere speech. The jury also found, however, that if the court held that the Ordinance was unconstitutional, as being overbroad on its face, then McDermott should be awarded $25,000. The court later enjoined enforcement of the Ordinance and awarded McDermott damages, concluding that the Ordinance was substantially overbroad because Springfield had not limited its "obstruction code" to fighting words or physical obstruction. Springfield appeals.[1]

We review de novo constitutional challenges and questions of statutory interpretation. See United States v. Barraza, 576 F.3d 798, 806 (8th Cir. 2009), petition for cert. filed (U.S. Feb. 18, 2010) (No. 09-9187). In determining whether the Ordinance could be invalidated on its face as substantially overbroad, the district court was required to consider whether it reached a substantial amount of conduct protected by the First Amendment, even if it also had a legitimate application. See City of Houston v. Hill, 482 U.S. 451, 458-59 (1987).

In City of Houston, the Supreme Court considered the constitutionality of a Houston ordinance that contained language making it unlawful to "in any manner oppose, molest, abuse or interrupt any policeman in the execution of his duty." The Court found that the ordinance was substantially overbroad, and thus unconstitutional, because it prohibited "verbal interruptions" of officers--speech that could not be

_____

[1]We decline to consider McDermott's apparent challenge to the jury verdict on the as-applied challenge because she did not cross-appeal, see Gross v. FBL Fin. Servs., Inc., 588 F.3d 614, 621 (8th Cir. 2009); and we have already rejected her assertions concerning jurisdiction.

criminalized--and was not limited to fighting words or even to obscene or opprobrious language. See City of Houston, 482 U.S. at 455, 462-63. The Fifth and Sixth Circuits have since considered similar ordinances, but found them distinguishable from the Houston ordinance, which used the term "interrupt." Specifically, the Fifth Circuit affirmed the rejection of an overbreadth challenge to an ordinance making it unlawful to "obstruct, prevent or interfere with" an officer's lawful discharge of his duties, see Fair v. City of Galveston, 915 F. Supp. 873, 879-80 (S.D. Tex.), aff'd, 100 F.3d 953 (5th Cir. 1996); and the Sixth Circuit found that an ordinance prohibiting resisting, interfering, or hindering a police officer suggested physical interference, not speech, see Lawrence v. 48th Dist. Court, 560 F.3d 475, 482 (6th Cir. 2009); cf. Dorman v. Satti, 862 F.2d 432, 436-37 (2d Cir. 1988) (citing City of Houston for proposition that statute which used terms "interfere" and "harass" criminalized substantial amount of First Amendment protected speech). Also, in State v. Krawsky, 426 N.W. 2d 875, 875-78 (Minn. 1988), the Minnesota Supreme Court considered City of Houston in upholding a state statute against a First Amendment challenge; the court found that the statute, which used the terms "obstructs," "hinders," "prevents," and "interferes," applied only to physical acts substantially frustrating or hindering an officer's performance of his duties. We have twice cited State v. Krawsky favorably. See Foster v. Metro. Airports Comm'n, 914 F.2d 1076, 1079 & n. 4 (8th Cir. 1990); Gorra v. Hanson, 880 F.2d 95, 96-98 & n.3 (8th Cir. 1989).

In the instant case the district court relied in part on Payne v. Pauley, 337 F.3d 767 (7th Cir. 2003), and Wilson v. Kittoe, 337 F.3d 392 (4th Cir. 2003), but we agree with Springfield that these opinions support its position that the Ordinance is not substantially overbroad. In Payne, the court noted that Illinois courts had interpreted a state law making it unlawful to knowingly "resist" or "obstruct" the performance of a police officer (the same terms used in Springfield's challenged Ordinance) to cover only physical resistance. See Payne, 337 F.3d at 776. And in Wilson, the court noted that Virginia courts had interpreted a state obstruction-of-justice statute--using only the terms "obstructs" or "obstruction"--as not reaching peaceful verbal criticism. See

Wilson, 337 F.3d at 398-99 & n.3 (declining to address whether statute might run afoul of First Amendment because of how state courts had construed statute).

We conclude that the terms used in the Ordinance--"obstruct" and "resist"-- cover only physical acts or fighting words and do not give officers unfettered discretion to make arrests for mere words that annoy them.[2]  Thus,  the district court erred by finding the Ordinance unconstitutional on its face and enjoining its enforcement.   See Jacobsen v. Howard, 109 F.3d 1268, 1274 (8th Cir. 1997) (upholding facial challenge to statute or ordinance as overbroad is "strong medicine" and requires showing that statute or ordinance poses realistic danger that it will significantly compromise recognized First Amendment protections of parties who are not before court).

The judgment is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.

_____

[2]We recognize that this court has interpreted the term "obstruct" to include mere speech, see O'Hare v. United States, 253 F. 538, 539 (8th Cir. 1918), but it did so in the context of a challenge to an indictment under a section of the Espionage Act of June 15, 1917 (Espionage Act), which made it a crime to "willfully obstruct the recruiting or enlistment" for the United States armed services during wartime.  The O'Hare opinion has been cited for this holding, but not since 1920 and only in the context of this particular section of the Espionage Act, which has since been repealed. Further, there has been significant development in First Amendment jurisprudence in the context of civil rights suits.  See Broadrick v. Oklahoma, 413 U.S. 601, 611-12 & n. 9 (1973) (as long recognized, First Amendment needs breathing space, and statutes attempting to burden or restrict its exercise must be narrowly drawn and represent considered legislative judgment that specific mode of expression must give way to other compelling needs of society); see also City of Houston, 482 U.S. at 461 (First Amendment protects significant amount of verbal criticism and challenge directed to police officers).